FILED

FEB - 9 2005

T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | No. 04-03640-PCW11 |
| DELLEN WOOD PRODUCTS, INC., a Washington corporation, | MEMORANDUM DECISION RE: DELLEN WOOD'S MOTIONS TO REJECT AND ASSUME LEASE |
| Debtor(s). | (Docket Nos. 177 & 214) |

THIS MATTER came on for hearing before the Honorable Patricia C. Williams on January 6, 2005 upon the Debtor-In-Possession's Motion to Reject and Assume Executory Contracts and Unexpired Lease. The Court reviewed the files and records herein, together with the supplemental materials filed by counsel, heard argument of counsel, and was fully advised in the premises. The Court now enters its Memorandum Decision.

BDR Corporation (hereinafter "BDR") owns several parcels of real estate and leased a portion of that real estate to its affiliate Dellen Wood Products, Inc. (hereinafter "Dellen Wood"). This lease will be referred to as the "Master Lease." Dellen Wood in turn entered into a Sublease with Pristina Pine, LLC (hereinafter "Pristina") whereby Pristina occupied most, but not all of the premises Dellen Wood leased from BDR.

11 U.S.C. § 365(a) provides that a debtor-in-possession may assume an executory contract such as a lease as long as the debtor-in-

MEMORANDUM DECISION RE: . . . - 1

04-03640-PCW7   Doc 266   Filed 02/09/05   Entered 02/09/05 15:59:43   Pg 1 of 7

possession provides adequate assurance of future performance. If the debtor-in-possession is a landlord under a lease, the debtor-in-possession has until confirmation of its plan to assume or reject the lease unless the court establishes an earlier deadline. BDR, as landlord under an unexpired Master Lease, has until plan confirmation to assume or reject the Master Lease. Dellen Wood, as landlord under an unexpired Sublease, has until plan confirmation to assume or reject the Sublease.

11 U.S.C. § 365(d)(4) provides that a debtor-in-possession which is a lessee under a non-residential lease must assume or reject the lease within sixty (60) days of the order for relief. Some later date may be established by the Court so long as the debtor-in-possession has made the request for an extension of time within the sixty (60) days. Dellen Wood is the lessee under the Master Lease. Therefore, it had within sixty (60) days from May 5, 2004 to make a request to assume or reject the lease or to request an extension of time in which to do so.

### PROCEDURAL HISTORY RE: MASTER LEASE

This controversy involves both the Master Lease and the Sublease and the current and future rights of the parties under those agreements. As there are two contractual relationships which must be analyzed in the context of two Chapter 11 proceedings and as there were numerous requests for relief made regarding those contracts, the complicated procedural history must be described. For a complete description of the procedural history of these motions, see the Court's Memorandum Decision in the BDR Chapter 11 proceeding, Case No. 04-03639-PCW11.

MEMORANDUM DECISION RE: . . . . - 2

**MATTERS AT ISSUE**

This procedural history resulted in a consolidated hearing occurring on January 6, 2005 on the following motions:

(1) Dellen Wood's October 12, 2004 motion (Docket No. 177) in its Chapter 11 proceeding seeking to reject the Sublease with Pristina;

(2) Dellen Wood's motion filed November 16, 2004 (Docket No. 197) in the BDR Chapter 11 proceeding seeking BDR's assumption of the Master Lease under which BDR is a landlord and seeking Dellen Wood's rejection of the Sublease with Pristina under which Dellen Wood is the landlord; and

(3) Dellen Wood's November 16, 2004 motion (Docket No. 214) in its Chapter 11 proceeding seeking approval of its assumption of the Master Lease under which it is the lessee.

**DISCUSSION RE: MASTER LEASE**

On January 1, 1996, BDR's predecessor-in-interest executed the Master Lease with Dellen Wood. That Master Lease contained a two year term with the right to renew for one year increments with written notice of renewal required sixty (60) days prior to expiration. The Master Lease provided that in the event of a "hold over" by the tenant with permission of the landlord a month-to-month tenancy would result. The Declaration of Michael Roozekrans (Docket No. 252) states that the lease was not renewed and that a month-to-month tenancy exists. The Sublease dated December 28, 2001 between Dellen Wood, as landlord, and Pristina, as tenant, states that the Master Lease has expired but has been extended on a month-to-month basis.

11 U.S.C. § 365(a) allows a debtor-in-possession to assume any

MEMORANDUM DECISION RE: . . . - 3

unexpired lease.  Although the various motions to assume characterized the Master Lease as "unexpired," it clearly has expired and did so some years prior to the bankruptcy filing.  The continued occupancy by Dellen Wood has been on a month-to-month basis and not pursuant to any lease.  There is no Master Lease in existence which can be assumed.

Since no unexpired Master Lease exists, the Court need not address the issue relating to the timeliness of the November 16, 2004 request by Dellen Wood to assume the Master Lease.  Nor does the adequacy of the notice of the motion filed May 5, 2004 by Dellen Wood need be addressed.

### DISCUSSION RE: SUBLEASE

Pursuant to the preamble to the Sublease, it is apparent that at the time of executing the Sublease, both Dellen Wood and Pristina were aware that Dellen Wood only had the right to occupy the premises on a month-to-month basis, it is questionable whether Dellen Wood had the ability to promise Pristina that it could occupy the premises for a two year period.  It is also questionable whether Pristina could rely upon that promise.  However, Dellen Wood did make that promise and gave Pristina the right to renew the Sublease for an additional five years by giving written notice of election six months before the end of the term.  Apparently that option was exercised.  For purposes of this decision, it will be assumed that the Sublease is enforceable.

Dellen Wood's request in the motion filed October 12, 2004 (Docket No. 177) is to reject the Sublease (the right of first refusal and the option to purchase), but to assume the wood waste agreement as set forth in the Sublease.  That wood waste provision has been the subject of prior hearings and oral decisions.  It essentially requires Pristina to

MEMORANDUM DECISION RE: . . . - 4

provide wood waste from its operations on the premises to Dellen Wood at no charge.

As to the request to reject the right of first refusal and option to purchase the premises, Dellen Wood is not the owner of the real estate and could not perform those provisions of the Sublease. BDR, the owner of the premises, in a separate paragraph at the end of the Sublease, consented to the execution and terms of the Sublease and specifically agreed to be bound by the provisions regarding the right of first refusal and option to purchase. That agreement of BDR may or may not be executory in nature but no request has been made that BDR either assume or reject those commitments.

Regarding Dellen Wood's request to assume the provision of the Sublease relating to wood waste, an executory contract must be assumed or rejected in its entirety. A debtor cannot pick and choose which provisions of the contract should remain in force. *In re David Orgell, Inc.*, 117 B.R. 574 (Bankr. C.D. Cal. 1990). Dellen Wood may not reject all other provisions of the Sublease but assume the provision requiring Pristina to provide wood waste.

Pristina argues that the Sublease should be assumed in its entirety, as without the monthly rental paid by Pristina and the wood waste, Dellen Wood cannot successfully reorganize. The standard to be applied in determining whether a debtor's request to reject should be granted is whether the debtor is exercising its business judgment. *In re Chi-Feng Huang*, 23 B.R. 798 (9th Cir. 1982). If the rejection would benefit the unsecured creditors or other creditors in the estate, the request should be granted. Pristina argues that rejection would be poor

MEMORANDUM DECISION RE: . . . - 5

04-03640-PCW7    Doc 266    Filed 02/09/05    Entered 02/09/05 15:59:43    Pg 5 of 7

business judgment as without the Sublease, Dellen Wood cannot successfully reorganize.

The terms of the Sublease, particularly with regard to the wood waste provision, have been the subject of litigation and dispute during and before this bankruptcy proceeding. Pre-petition, a preliminary injunction was entered by the state court prohibiting Dellen Wood from accessing the wood waste and at prior hearings evidence has been introduced that it had not had access for some months. It is not known if currently Dellen Wood has access to wood waste from Pristina at no charge, but there were several months during which it did not. As it continues to operate, it cannot be concluded that access to the wood waste alone would prevent a successful reorganization.

Most importantly, if the Sublease were assumed by Dellen Wood it would then be obligated to provide the premises to Pristina for a number of years. Yet Dellen Wood has no right to those premises other than on a month-to-month basis. Due to the expiration of the Master Lease, Dellen Wood only has the right to the premises as a hold over tenant. R.C.W. 59.04.020 allows for the termination of a month-to-month tenancy on thirty (30) days notice. Should BDR issue such a notice, Dellen Wood would be incapable of meeting its obligations under the Sublease. Exposing Dellen Wood to such a risk is not in the best interest of the estate. Even though BDR is owned and controlled by the same individual as Dellen Wood, each bankruptcy estate must operate independently and in the best interests of that corporate debtor and the estate. Dual control does not alleviate the risk that BDR in its own best interest could terminate the right to possession by Dellen Wood thus rendering

MEMORANDUM DECISION RE: . . . - 6

its performance under the Sublease impossible, and subjecting the debtor's estate to breach of contract claims.

### CONCLUSION

1. Dellen Wood's motion in its Chapter 11 proceeding (Docket No. 177) to reject the Sublease is **GRANTED** as it is not in the best interest of the estate to assume said Sublease. That portion of Dellen Wood's motion seeking assumption of the wood waste agreement in the Sublease is **DENIED** as the Sublease cannot be rejected in part and assumed in part.

2. Dellen Wood's motion to assume the Master Lease filed in the Dellen Wood proceeding (Docket No. 214) is **DENIED** as the Master Lease expired by its terms prior to commencement of either bankruptcy proceeding.

3. Separate orders to this effect will be entered.

DONE IN OPEN COURT this 9th day of February, 2005.

PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . - 7