FILED
NOV 18 2005
T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:                              )
                                    )   No. 04-03640-W11
DELLEN WOOD PRODUCTS, INC., a       )
Washington corporation,             )
                                    )   MEMORANDUM DECISION RE:
           Debtor.                  )   SIXTH AMENDED DISCLOSURE
                                    )   STATEMENT

Dellen Wood Products, Inc. (hereinafter "Dellen Wood") filed for Chapter 11 relief on May 5, 2004. The matter currently before the Court is the approval of the Debtor's Sixth Amended Disclosure Statement filed on September 21, 2005. There are two pending objections to this Disclosure Statement. One objection was filed by the United States Trustee and the other by Pristina Pine, LLC (hereinafter "Pristina"). Debtor's Fifth Amended Plan was filed July 28, 2005.

11 U.S.C. § 1125 requires disclosure of adequate information to a hypothetical "reasonable investor" before a plan proponent may solicit acceptances of a plan or reorganization. 11 U.S.C. § 1112(b) gives the court wide discretion to convert a reorganization case to a liquidation case or to dismiss for cause depending on which is in the best interest of creditors and the estate. Cause may include the inability to effectuate a plan or unreasonable delay by the debtor which is prejudicial to creditors. The court may act *sua sponte* or upon motion of a party in interest.

In the eighteen months that this Chapter 11 has been pending,

MEMORANDUM DECISION RE: . . . . - 1

ENTERED
NOV 21 2005

04-03640-PCW7   Doc 478   Filed 11/18/05   Entered 11/21/05 09:38:39   Pg 1 of 6

the Debtor has been unable to propose a Disclosure Statement that meets the requirements of 11 U.S.C. § 1112(b) or to propose a plan which appears confirmable.

The Dellen Wood Chapter 11 is related to the Chapter 11 commenced by BDR Corporation (hereinafter "BDR"). Very simplistically, BDR is a corporation (owned by various members of the Lentes family) which owns a large industrial parcel of property. Dellen Wood is also a corporation owned by various members of the Lentes family and is the largest tenant of the BDR real estate. Bank of America has a lien on the real estate and the underlying obligation of BDR to Bank of America was guaranteed by Dellen Wood. General Electric Capital Corporation (hereinafter "GECC") has a judgment against both BDR and Dellen Wood. In its petition, Dellen Wood listed assets with a value of $1,054,000. Although there were various disputes with creditor Pristina which had to be resolved early in the case and involved significant efforts on the part of the debtor, this Chapter 11 is by no means a large or complicated case.

On October 13, 2004, five months after commencement of the case, a hearing occurred regarding extension of the exclusivity period for the debtor to file its plan. The debtor indicated that a liquidation plan would be filed. The Court extended the exclusivity period to November 2, 2004. Thus began the saga of attempted plan confirmation.

A Disclosure Statement and Plan were filed on **November 2, 2004.** The Disclosure Statement did not clearly indicate whether the debtor would liquidate its assets or continue business operations. No clear distinction or explanation was made of the

MEMORANDUM DECISION RE: . . . - 2

financial interrelationship between BDR and Dellen Wood. The First Amended Disclosure Statement was filed **February 1, 2005.** That Disclosure Statement stated that the business would continue to operate. At the status conference regarding approval of that Disclosure Statement, liquidation was again discussed because an offer to purchase the assets of Dellen Wood had been received. Another Disclosure Statement ("Third Amended Disclosure Statement") and Plan were filed on **March 7, 2005.** At the hearing on April 12, 2005, the Court noted numerous inconsistencies and ambiguities in that Disclosure Statement and Plan. As had been the situation in earlier Disclosure Statements, there was confusion or lack of explanation of the financial relationship and joint liabilities between BDR and Dellen Wood, and it appeared that the Lentes family would receive benefit under the Plan without payment to unsecured creditors. An order was entered requiring the debtor to file another Disclosure Statement by April 27, 2005. Another Disclosure Statement ("Fourth Amended Disclosure Statement") and Plan were filed on **May 6, 2005.** That Disclosure Statement did not clearly indicate whether the debtor proposed liquidation or a continuation of the business. Again, information regarding the financial liability of the debtor was confusing. Another Disclosure Statement ("Fourth (sic) Amended Disclosure Statement") and Plan were filed on **May 13, 2005.** As was true of prior Disclosure Statements, objections to approval of that Disclosure Statement were filed. At the hearing to approve that Disclosure Statement, the Court indicated that many of the previous defects appeared in the then current version of the Disclosure Statement and Plan, and stated that the deficiencies were "too numerous to mention"

MEMORANDUM DECISION RE: . . . . - 3

individually. The debtor was required to file an amended Disclosure Statement by June 28, 2005. The debtor was warned that failure to cure the deficiencies in the Disclosure Statement and obtain approval would result in conversion or dismissal. The debtor then requested an extension to July 28, 2005 which was granted. A Disclosure Statement ("Fifth Amended Disclosure Statement") and Plan were filed on **July 28, 2005**. Another Disclosure Statement ("Sixth Amended Disclosure Statement") was filed **September 21, 2005**. The last Disclosure Statement ("Amended Sixth Amended Disclosure Statement") was filed and served **September 28, 2005**. At the hearing on September 29, 2005 to approve the Fifth Amended Disclosure Statement, counsel for debtor indicated that the Amended Sixth Amended Disclosure Statement filed September 28, 2005 was filed erroneously and was merely a duplicate of the one filed September 21, 2005. The Sixth Amended Disclosure Statement filed on September 28, 2005 had been served on the Master Mailing List with an objection period and none of the parties at the hearing had had an opportunity to review the same.

The objecting parties argued the various deficiencies in the Sixth Amended Disclosure Statement at the hearing on September 29, 2005. Because neither the Court nor any of the parties had had an opportunity to review the Disclosure Statement filed September 28, 2005, no decision regarding approval of the Disclosure Statement occurred. The Court indicated that once the new objection period had passed it would consider the merits of the objections filed to the prior Disclosure Statement and render this decision. This decision concerns the Disclosure Statement filed on September 21, 2005 as the pleading filed September 28, 2005 is substantively

MEMORANDUM DECISION RE: . . . . - 4

identical. The Sixth Amended Disclosure Statement filed September 21, 2005 is in support of the liquidating Plan filed July 28, 2005 but contains various provisions which appear to contemplate the continuation of business by the debtor.

First, the fact that the debtor has proposed eight (8) Disclosure Statements, none of which have met the requirements for approval, justifies conversion or dismissal of this case. The Disclosure Statement need only support liquidation of the debtor's assets, a course of action decided many months ago. Second, even though the Sixth Amended Disclosure Statement filed September 21, 2005 has fewer inconsistencies and ambiguities than prior filed Disclosure Statements, it is inconsistent with the Plan it purports to describe. For example, the claim of GECC is listed in the Plan with a balance of $1,266,104, but in the Sixth Amended Disclosure Statement it is listed as a claim of $70,000. The Plan and Sixth Amended Disclosure Statement disagree as to whether that claim is disallowed. In the Plan, Class 4 consists of only GECC, but in the Sixth Amended Disclosure Statement, Bank of America is added to Class 4. The Sixth Amended Disclosure Statement refers to new stock to be issued in exchange for a payment of $10,000 (with a later reference to a payment of $20,000), but no provision is made in the Plan to issue new stock. The Sixth Amended Disclosure Statement no longer contains any references to the pending litigation to be settled, but the proposed $100,000 settlement relating to that litigation figures prominently in the Plan.

The debtor has had ample opportunity to file a Disclosure Statement in support of a Plan. Failure to obtain approval of an adequate Disclosure Statement and confirm a Plan in the eighteen

MEMORANDUM DECISION RE: . . . - 5

months this case has been pending constitutes cause and unreasonable delay which is prejudicial to creditors. With significant assets available for liquidation, (such liquidation may have in part already occurred) conversion appears the better choice. The Court hereby exercises its equitable powers and converts this Chapter 11 case to one under Chapter 7. The Court will sign an Order to that effect.

DATED this 18th day of November, 2005.

*Patricia C. Williams*
PATRICIA C. WILLIAMS
Bankruptcy Judge